

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ISRAEL LEON, ADALBERTO RODRIGUEZ FLORES,
CARMEN RODRIGUEZ FLORES, GONZALO
PEREZ ARIAS, ANDREA REYES RODRIGUEZ,
LUCIA GONZALES RODRIGUEZ, JOSE LUIS
MARTINEZ, and JULIA GAVILAN on behalf of
themselves and others similarly situated,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: *10-13-11*

Plaintiffs,

**MEMORANDUM DECISION
AND ORDER**

-against-

10 Civ. 4719 (GAY)

PELLEH POULTRY CORPORATION, ROBERT
FRANKLIN, and NAOMI FRANKLIN[1]

Defendant.
----------------------------------------------------------------------X

Plaintiffs Israel Leon, Adalberto Rodriguez Flores, Carmen Rodriguez Flores,

Gonzalo Perez Arias, Andrea Reyes Rodriguez, Lucia Gonzales Rodriguez, Jose Luis

Martinez and Julia Gavilan filed this action seeking monetary and injunctive relief on

behalf of themselves and others similarly situated, against defendants Pelleh Poultry

Corporation ("Pelleh") and its principal officers, Robert Franklin and Naomi Franklin,

alleging violations of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

and New York Labor Law.  Plaintiffs also assert pendant state claims for unjust

enrichment and quantum meruit.  Defendants have moved to dismiss the action for

failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

---

[1] The Court has corrected what it construes to have been spelling errors in the caption.  Plaintiff Gonzalo
Perez Arias's name was spelled "Gonzalor" and defendant Robert Franklin's name was spelled "Franlin"
on the caption of the first amended complaint.  In the body of that document, however, the names are
spelled as they now appear above.  The Clerk of the Court is respectfully requested to amend the caption
accordingly.

('FRCP") on statute of limitations and standing grounds.  For the reasons that follow,

defendants' motion is denied.


## I. BACKGROUND

The plaintiffs in this case are eight immigrant Latino manual workers employed at

various times by defendant Pelleh Poultry Corp., a poultry plant located in Sullivan

County, New York and headquartered in Rockland County, New York.  Although

specific dates are not listed, according to the complaint, three plaintiffs—Carmen

Rodriguez Flores, Andrea Reyes Rodriguez and Gonzalo Perez Arias—ended their

employment in 2006 and two—Adalberto Rodriguez Flores and Jose Luis Martinez—left

in 2007.  Plaintiff Lucia Gonzales Rodriguez ended her employment in December 2008,

plaintiff Israel Leon ended his employment in April 2009 and the remaining plaintiff, Julia

Gavilan, is still employed.

In their complaint, plaintiffs allege: (a) despite regularly working in excess of forty

hours per week, they were never paid overtime at a rate of time and one-half of their

regular hourly wages as required by the FLSA and Article 19 of New York Labor Law;

(b) despite regularly working in excess of ten hours per day, they were not paid spread

of hours wages in violation of New York Labor Law; and (c) they were not paid weekly

and did not receive their wages within seven calendar days of the end of the week in

which their wages were earned, in violation of New York Labor Law.  Plaintiffs state that

they were not aware of their right to overtime pay and that defendants failed to post

official notices apprising them of this right.  Plaintiffs claim that this constitutes a willful

violation in that defendants knew or should have known that their conduct was in

violation of federal law.  They further allege that defendants purposely avoided

assigning overtime to manual workers who spoke English because those workers would

more likely be aware of their rights to overtime pay.  Plaintiffs assert that the defendants

"acted deceptively in perpetrating [this] scheme" as "part of a plan to minimize costs of

operation of the Defendants' business."  Finally, plaintiffs state that they lacked actual

knowledge of the applicable three year statute of limitations for willful overtime violations

under the FLSA.  By failing to post the official notices, they claim, defendants prevented

them from timely filing their claims.


## II. DISCUSSION

A.      Rule 12(b)(6) Standard of Review

        In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is

"not to weigh the evidence that might be presented at a trial but merely to determine

whether the complaint itself is legally sufficient."  See Goldman v. Belden, 754 F.2d

1059, 1067 (2d Cir. 1985).  In doing so, the Court "'must accept as true all of the factual

allegations set out in plaintiff's complaint, draw inferences from those allegations in the

light most favorable to plaintiff, and construe the complaint liberally.'"  Gregory v. Daly,

243 F.3d 687, 691 (2d Cir. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 45-46

(1957)).  Ultimately, the Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails

to allege "enough facts to state a claim to relief that is plausible on its face."  Bell

Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007).

        "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). The court must analyze the complaint to determine which statements are well-pleaded factual allegations, assume their veracity, and "then determine whether they plausibly give rise to an entitlement to relief." See id. at 1950. Statements deemed "legal conclusions" rather than factual allegations are not entitled to the assumption of truth. See id. at 1950-51.

B.      Statute of Limitations

Defendants first argue that plaintiffs' claims are barred by the statute of limitations. Specifically, they state that at least five of the eight named plaintiffs terminated their employment more than three years before the complaint was filed on June 17, 2010 and are therefore barred as to all claims. The remaining three plaintiffs, defendants state, are barred from asserting any claims occurring more than two years before commencement of the suit.

Under the FLSA, a cause of action for unpaid minimum wages, unpaid overtime compensation or liquidated damages must be "commenced within two years after the cause of action accrued" except for "a cause of action arising out of a willful violation which may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). A claim for unpaid overtime accrues "when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 C.F.R. §790.21(b).

A willful violation occurs when an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." Young v.

4

Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir.2009) (citation omitted).  Although the plaintiff has the burden of proving willfulness, see Herman v. RSR Sec. Services Ltd., 172 F.3d 132 (2d Cir. 1999), "for the purposes of pleading, willfulness qualifies as a factual state of mind falling under Fed. R. Civ. P. 9(b) which states that the condition of mind of a person may be averred generally." Moran v. GTL Const., LLC, No. 06 Civ. 168, 2007 WL 2142343, at *4 (S.D.N.Y. July 24, 2007) (internal quotations and citation omitted).

The facts as alleged by plaintiffs—that defendants did not post the required notices and assigned overtime only to non-English speaking workers—presumed at this point to be true, tend to support an inference of willfulness.  Plaintiffs are entitled to every favorable inference that can be drawn from the factual allegations.  In re NYSE Specialists Securities Litigation, 503 F.3d 89, 95 (2d Cir. 2007).


C.    Equitable Tolling of the Statute of Limitations

Equitable tolling, which allows a plaintiff to initiate an action beyond the statute of limitations deadline, is available in compelling circumstances in order to "prevent unfairness to a plaintiff who is not at fault for her lateness in filing." See Veltri v. Bldg. Serv. 32B–J Pension Fund, 393 F.3d 318, 322 (2d Cir. 2004).  "Although the remedy is regularly granted where defendants have engaged in fraudulent concealment, 'the application of the doctrine of equitable tolling is not limited to such cases,' and 'it does not assume a wrongful—or any—effort by the defendant to prevent the plaintiff from suing.'" Edwards v. City of New York, No. 08 Civ. 3134, 2011 WL 3837130, at *5 (S.D.N.Y. August 29, 2011) (quoting Valdez ex rel. Donely v. United States, 518 F.3d

173, 182-83 (2d Cir. 2008).  "The relevant question is not the intention underlying

defendants' conduct, but rather whether a reasonable plaintiff in the circumstances

would have been aware of his rights."  Edwards, 2011 WL 3837130, at *5.

In Edwards, as in this case, plaintiffs' claim for equitable tolling rested entirely on

the defendants' alleged failure to conspicuously post Department of Labor ("DOL")

regulation § 516.4, promulgated under the FLSA, which provides:

> Every employer employing any employees subject to the Act's minimum
> wage provisions shall post and keep posted a notice explaining the Act,
> as prescribed by the Wage and Hour Division, in conspicuous places in every
> establishment where such employees are employed so as to permit them
> to observe readily a copy.  29 C.F.R. § 516.4.

The plaintiffs in Edwards were New York City Department of Corrections

officers who were paid overtime compensation pursuant to a Collective

Bargaining Agreement, but were claiming that they should also have received

overtime compensation for time spent donning and doffing uniforms and for late

shift relief.  Id. at *1.  In denying the plaintiffs' claim for equitable tolling, the

Edwards court held that regardless of whether defendant posted the required

notice, the officers were aware of their right to overtime compensation by virtue

of the fact that they were receiving it.  Id. at *6.

Unlike the Edwards plaintiffs, there is no indication that plaintiffs in the instant

case have ever been paid overtime compensation.  The required posted notices could

conceivably have been the only way they would have become aware of their right to

such compensation under the FLSA.  Moreover, plaintiffs, according to their complaint,

are immigrant Latino manual workers routinely working longer than ten hours per day

and forty hours per week.  Their ability to learn of this and other legal rights "under the

complex web of labor and social legislation that governs the modern workplace is not great."[2]  See Ramirez v. CSJ & Co., Inc., No. 06 Civ. 13577, 2007 WL 1040363, at *3 (S.D.N.Y. April 3, 2007).  A possible basis is therefore established for equitable tolling.


D.     Standing

       Defendants claim that six of the named plaintiffs—Carmen Rodriguez Flores, Lucia Gonzales Rodriguez, Adalberto Rodriguez Flores, Andrea Reyes Rodriguez, Gonzalo Perez Arias and Jose Luis Martinez—are not listed in the employment records of Pelleh Poultry and thus, do not have standing.  Although similarly named plaintiffs— Carmen Rodriguez, Lucia Gonzales, Adalberto Rodriguez, Andrea Reyes, Gonzalo Perez and Jose Luis Martinez-Hernandez—are listed, defendants claim "[t]here is uncertainty as to whether the named six plaintiffs were ever employed by Pelleh . . . ."

       Second, defendants argue that the employment dates listed in the amended complaint for "several" of the plaintiffs do not match their employment records.  To illustrate these discrepancies, defendants rely upon an Employee Contact List, which was attached as Exhibit B to the Memorandum of Law in Support of Defendants' Motion to Dismiss, as well as a declaration from Sarah Rabinovich, Pelleh's bookkeeper.  It is well-settled that a court, in deciding a motion to dismiss, "is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  Such documents as relied

---

[2] Once plaintiffs had actual knowledge that a cause of action had accrued, of course, they were required to file their lawsuit within the appropriate time period.  See Edwards, 2011 WL 3837130, at *5.  See also Baba v. Grand Cent. P'ship, No. 99 Civ. 5818, 2000 WL 1808971 (S.D.N.Y. Dec. 8, 2000) (denying defendant's motion for summary judgment striking an equitable tolling argument, but granting leave to renew upon further discovery relating to the issue of knowledge).

upon by the defendants are outside the four corners of the complaint and cannot be considered.

Third, defendants assert that since the pleading states two different overall timeframes, the action should be dismissed as to all plaintiffs or at least as to the six mentioned above.  Plaintiffs specify the relevant timeframe as both 1998 to 2008 (First Am. Compl. ¶ 2) and as various times between 1998 and the present (id. ¶ ¶ 35-42).

"To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent, fairly traceable to the defendant's challenged behavior, and likely to be redressed by a favorable ruling." Davis v. Federal Election Com'n, 554 U.S. 724 (2008) (citation omitted).  On a motion to dismiss, it is "presume[ed] that general allegations [in a litigant's complaint] embrace those specific facts that are necessary to support the claim." Lujan v. National Wildlife Federation, 497 U.S. 871, 889 (1990) (citation omitted).  Here, the plaintiffs have alleged that they were employed at Pelleh Poultry Corporation at various times between 1998 and the present, that they did not receive proper or timely compensation, and that the requested relief would remedy these injuries.  Sufficient facts have been set forth to establish standing at the pleading stage.

8

## III. CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss is **DENIED**.[3]  The

Clerk of the Court is directed to terminate the motion (Docket # 84).


Dated:   October /3, 2011                    **SO ORDERED**
         White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.

---

[3] The court declines to convert the motion to dismiss to one for summary judgment.

9